**260**

Lillian J. Huntington
vs.                           } No. 44095
Stephen R. Hunt
RESCRIPT

January 17, 1919

SWEENEY, J. Heard on defendant's application that he be allowed to take the poor debtor's oath.

The record shows that the defendant was arrested on the 20th day of November, 1918, under the authority of a writ issued out of this Superior Court on the 29th day of August, 1918, in an action of the case for deceit, to the damage of the plantiff $2500. The return of the deputy sheriff shows that on the day of the arrest the defendant was committed to the Providence County Jail for want of bail, and the evidence proves that the defendant is still in jail for want of bail. The action is now pending in this court and the defendant makes applica-

tion that he may be admitted to take the poor debtor's oath under the provision of Sec. 12 of Chap. 326 of the General Laws, which provides that the Court before which any action is pending for recovery of any debt or demand for which the defendant, if committed to jail thereon, would be entitled to be admitted to take the oath aforesaid may administer the said oath to the defendant as hereinafter provided.

The plaintiff claims that defendant is not entitled to be admitted to take said oath and cites as authority for this position In re Payton, 7 R. I. 153. This case held that a person imprisoned for want of bail in an action for deceit was not entitled to be discharged upon taking the poor debtor's oath because he was not imprisoned for DEBT.

Singer Sewing Machine Co. vs. Choquet, 94 Atl. 85.

In this case the defendant named in the writ was committed to jail for want of bail in an original writ issued out of the Superior Court in an action on the case for deceit. The defendant applied to a justice of a district court for permission to take the poor debtor's oath and the plaintiff filed a petition for a writ of prohibition in the Supreme Court. The Supreme Court held that the case was ruled by In re Payson and a writ of prohibition was issued against the respondent restraining him from administering the poor debtor's oath to the defendant in the original case.

The petitioner cites as authority In re Kimball, 29 R. I. 688, and in a carefully considered opinion the Court held on page 691, that the Poor Debtor's Act gave the benefit of it to all judgment defendants except those expressly excluded by the Act, and the Court also held that an execution defendant for negligence was entitled to the benefit of the Poor Debtor's Act.

Taylor, Symonds & Co. vs. Bliss, 30 R. I. 453, was a petition for a writ of prohibition to restrain the respondent from administering the oath for the

relief of poor debtors to the defendant in an action for deceit where an execution had been taken out but not served; and the Supreme Court denied the petition for the writ of prohibition. On page 455 the Court refers to an unreported rescript in the case of Bucci vs. Bliss which held that the reasoning in the case of Kimball, 20 R. I. 688, applied equally as well to an action of trespass on the case for deceit as to an action of trespass on the case for negligence, and the Court denied the application for a writ of prohibition in the Bucci case, and also in the Taylor case.

It is clear from the last two cases cited that the defendant against whom a judgment has been obtained in an action for deceit is not within the class of persons who are excluded from taking the poor debtor's oath under the provisions of Sec. 10 of Chap. 326.

The action for deceit is now pending in this court and it is for the recovery of a debt or demand for which the defendant, if committed to jail on execution therefor or after final judgment had been rendered against him and before commitment, might, be entitled to take the poor debtor's oath.

The Court is of the opinion that if the defendant in an action for deceit may be given the privilege of taking the poor debtor's oath after the demand has been reduced to a judgment debt, that a reasonable construction of said Sec. 12 would require the Court, in a proper case, to administer the poor debtor's oath to such defendant while the action is pending before it and before the demand has been reduced to a judgment debt; otherwise the words "or demand" in said Sec. 12 would be of no effect.

The defendant may be brought before the Court on the 27th day of January, 1919, to be admitted to take the poor debtor's oath if at that time the justice presiding in said court shall think it proper to administer such oath.

For plaintiff: John I. Devlin.

For defendant: Waterman & Greenlaw.